Joel L. Brand, Esq. SBN: 020114
**THE LAW OFFICE OF JOEL L. BRAND**
11001 N. 99th Avenue, Suite # 110
Peoria, Arizona 85345
jlbrandlaw@aol.com
Telephone: (602) 712-0911
Fax: (602) 256-6080
**Attorney for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael F. Foy, IV, a single or married person.<br><br>        Plaintiff,<br><br>Vs.<br><br>Jennifer Vinson, a single or married person, and Jane Does I-X, White Partnerships I-X, and Black Corporations I-X, AND Municipal Entity I-X.<br><br>        Defendants. | Case No.: 2:21-cv-02076-MTL<br><br><br>**RESPONSE TO:**<br>**MOTION TO DISMISS** |

**COMES NOW**, Michael F. Foy (Plaintiff) by and through his undersigned

counsel, and for his, RESPONSE TO: MOTION TO DISMISS, states as follows:

Plaintiff states that Jennifer Vinson (Defendant) request, to this Court, that his

Complaint, filed in state court for defamation *per se*, should be dismissed because it does

not state a claim on which relief should be granted, in this Court, should be denied; as

same does state a claim for relief in accordance with rules of procedure in the court in

The Law Office of Joel L. Brand
11001 N. 99th Avenue, Suite 110
Peoria, Arizona 85345
602-712-0911

which said complaint was filed; additionally, it does state a claim for relief in accordance with rules of procedure in this Court.  Moreover, Defendant's belief that Plaintiff's claim is barred by the statute of limitations is also in error based on being improperly pled, by a tolling statute, and the time period in which the publication took place, which Defendant, who took said actions of publication knows, or should have known, that her actions were within the statute of limitations and thus not time barred.  All of which is more fully set forth in the proceeding Memorandum of Points and Authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

I.)   **PROCEDURAL HISTORY**:

1.)   On August 29, 2020, Plaintiff filed a Complaint against Defendant in The McDowell Mountain Justice Court, in and for, the County of Maricopa, alleging that Defendant had published an internet website that accused him of the rape of several women in the greater Phoenix area, including her; thereby defaming him.  After said filing Plaintiff sought three (3) extensions of time to serve Defendant, with said Complaint (November 19, 2021, January 25, 2021, and March 16, 2021).   All of said Motions were granted.  Thereafter, on June 9, 2021, the suit was dismissed because Defendant could not obtain service of process on Defendant.

2.)   On October 28, 2021, Plaintiff filed a Complaint against Defendant in The Superior Court of the State of Arizona in and for the State of Arizona, alleging that Defendant had published an internet website that accused him of the rape of several women in the greater Phoenix area, including her; thereby, defaming him that named the

2

website that contained said statements as http://metroophoenix.org.  On November 7, 2021, Plaintiff served said Complaint on an individual who stated his name was "Ismael" at a residential residence that is owned by Defendant in Maricopa County.  On November 22, 2021, at 6:26 p.m., Defendant's counsel sent an email to undersigned counsel requesting an extension of time to file a response to the state court action, to December 16, 2021, which on November 23, 2021, at 9:29 a.m. via email undesigned counsel stated he had no objection to same.  Thereafter, Defendant filed, in the state court action, the Pleading styled as, Unopposed Motion to Extend Time to Respond to Complaint, which was granted.

3.)	On December 7, 2021, Defendant filed in this Court the Pleading styled as, Notice of Removal of Civil Action.  Thereafter, on December 13, 2021, sent at 8:08 p.m. Defendant via email sent to undersigned counsel a correspondence, a 'meet and confer letter', pursuant to LRCiv. 12.1(c) requesting that Plaintiff voluntarily dismiss the instant action that gave undersigned counsel until 4:00 p.m. the next day to respond to said 'meet and confer letter'.  Essentially, liberally put, an eight (8) hour time period to respond, was given by Defendant's counsel.  On December 14, 2021 at 6:35 p.m. undersigned counsel, via email, sent Defendant's counsel a correspondence in response to her 'meet and confer letter' stating that he had just reviewed same and would never be able to make said deadline and requested an extension to respond to same to December 17, 2021, on or before 1:00 p.m.  On December 14, 2021, at 6:47 p.m. Defendant filed her Motion to Dismiss.

3

The Law Office of Joel L. Brand
1001 N. 99th Avenue, Suite 110
Peoria, Arizona 85345
602-712-0911

## II.)   ARGUMENT AS TO FAILURE TO STATE A CLAIM:

1.)   Defendant is correct that Fed. R. Civ. P., Rule 8(a)(2) states that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as articulated in the case she cites *Bell Atlantic*, but same is a federal case being applied to a state court filed Complaint.  And Defendant thereafter cites numerous federal cases that state what the contents of a Complaint should contain and that if same are not contained in same, then the Complaint should be dismissed pursuant to Fed. R. Civ. P., Rule 12(b)(6); and then concludes that Defendant's Complaint "falls woefully short of these requirements".  Plaintiff does not agree with Defendant's conclusion that his Complaint should be dismissed pursuant to Fed. R. Civ. P., Rule 12(b)(6) as the Complaint does state a claim on which relief should be based.

2.)   Plaintiff believes that his Complaint does state a claim on which relief should be based for several reasons, they are:

a.)   Plaintiff originally filed the instant action in state court; and now Defendant requests that this Court apply federal rules of procedure to same, Plaintiff believes that same in an unjust standard which this Court should use in determining the sufficiency of the Complaint.  That is, Ariz.R.Civ.P., Rule 8(a)(2) is modeled after Fed. R. Civ. P., Rule 8(a)(2) but the application of federal jurisprudence to establish the sufficiency of a Defendant's claim is unjust as the sufficiency of same should be determined by Arizona jurisprudence, not federal.  As it is stated in *Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 508, 744 P.2d 29, 35 (Ariz. App. 1987) "[w]hen a complaint is the target of a rule 12(b)(6)

motion, the court must assume the truth of all of the complaint's material allegations, accord the plaintiffs the benefit of all inferences which the complaint can reasonably support, and deny the motion unless certain that plaintiffs can prove no set of facts which will entitle them to relief upon their stated claims". Or as stated more recently in *Dube v. Likins*, 167 P.3d 93, 99, 216 Ariz. 406, 411 (Ariz. App. 2007). "Because Arizona is a notice pleading state, a complaint need only have a statement of the ground upon which the court's jurisdiction depends, a statement of the claim showing that the pleader is entitled to relief, and a demand for judgment".

Defendant's Complaint, filed in state court establishes the Parties, the state court's jurisdiction, and a short plain statement of facts that establish that Defendant has created a certain website that states defamatory statements against him and requests the court determine if Defendant's statements are defamatory with a request for damages. Thus, this Court should by said Arizona jurisprudence recognize that Arizona is a notice pleading state, it must assume the truth of all of the Plaintiff's material allegations made against Defendant in his Complaint, accord Plaintiff the benefit of all inferences made against Defendant in his Complaint as they are reasonably supported in the Complaint and find that there does exist in the Complaint a certain set of facts that entitle the Plaintiff to the relief he seeks in same.

Or *in the alternative* if this Court does not find that Defendant's Complaint was written well enough to establish the tort of defamation then Plaintiff seeks leave of this Court to amend his Complaint prior to dismissal (plead in an accompanying motion). As by Arizona jurisprudence it is stated in *Wigglesworth v. Mauldin*, 195 Ariz. 432, 438, 990 P.2d 26, 33 (Ariz. App. 1999) that "[b]efore the trial court grants a Rule 12(b)(6) motion to dismiss, the non-moving party should be given an opportunity to amend the complaint if such an amendment cures its defects".

The Law Office of Joel L. Brand
11001 N. 99th Avenue, Suite 110
Peoria, Arizona 85345
602-712-0911

The Law Office of Joel L. Brand
11001 N. 99th Avenue, Suite 110
Peoria, Arizona 85345
602-712-0911

Thusly, if this Court finds that Plaintiff's Complaint fails to state a claim on which he is not entitled to relief because it is not plead or worded correctly as averred by Defendant, Plaintiff seeks leave of this Court to amend his Complaint before same is dismissed, pursuant to requirement as stated in *Wigglesworth* and pursuant to Ariz.R.Civ.P., Rule 15(2) which states "[l]eave to amend must be freely given when justice requires".

b.)	Plaintiff requests that if this Court does not determine that Defendant's request to be dismissed is not controlled by Arizona's rules of procedure and that the federal rules of procedure should apply to its dismissal, then by the federal rules of procedure his claim is still not subject to dismissal.  That is, Fed. R. Civ. P., Rule 8(a)(2) is worded exactly as Ariz.R.Civ.P., Rule 8(a)(2) with nearly the same development of federal jurisprudence as Arizona jurisprudence.	As it is stated in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957) in analysis of a complaint being subject to dismissal pursuant to Fed. R. Civ. P., Rule 12(b)(6) that it should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Moreover, it is stated in *Shah v. County of Los Angeles*, 797 F.2d 743, 745 (9th Cir.1986); wherein, the district court dismissed plaintiff's suit against defendant for failure to state a claim that "[w]e review de novo a district court's dismissal of an action for failure to state a claim. …   In conducting this review, we must assume the correctness of all the factual allegations made by Shah, the party whose suit the district court dismissed".

Therefore, as previously stated Plaintiff's Complaint, filed in state court, establishes the Parties, a short plain statement of facts that establish that Defendant has created a certain website that states defamatory statements against him and requests the court determine if Defendant's

statements are defamatory with a request for damages. Thus, this Court should find that by said line of federal jurisprudence the Federal Rules of Civil Procedure are also require notice pleading, and it must assume the truth of all of the Plaintiff's material allegations made against Defendant in his Complaint. To the conclusion, that Plaintiff's Complaint is reasonably supported by a certain set of facts made in a short plain statement that entitles the Plaintiff to the relief he seeks in same.

Or *in the alternative* if this Court does not find that Defendant's Complaint was written well enough to establish the tort of defamation then Plaintiff seeks leave of this Court to amend his Complaint prior to dismissal. As it is stated in *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990) Fed.R.Civ.P. 15(a), Defendants "request to amend her complaint invokes Fed.Civ.P. 15(a), which requires that even where amendment is not a matter of right, leave to amend shall "be freely granted when justice so requires." Under well established Ninth circuit precedent construing Rule 15(a), the court abused its discretion in not granting her {defendant} leave to amend.

c.)   Defendant states in her Motion to Dismiss that Plaintiff cannot cure the alleged defects in his Complaint because the adding of additional facts would only be in a "conclusory fashion" which Defendant avers is what is plead in every complaint -conclusory facts- that establish -conclusory claims- until subsequent discovery or trial on one's stated facts and claims prove so, or otherwise. What Defendant wants is trial based on her set of facts not Plaintiffs, which by either Fed. R. Civ. P., Rule 12(b)(6) or Ariz.R.Civ.P., Rule 12(b)(6) is not the standard, as stated above. As by the federal or state rules of procedure it does not require that every fact that is alleged in a complaint and every claim that is alleged in a complaint be

The Law Office of Joel L. Brand
11001 N. 99th Avenue, Suite 110
Peoria, Arizona 85345
602-712-0911

support by an attached exhibit, affidavit, statute, or jurisprudence that establishes that a certain claim exists in a particular jurisdiction. Because even then the exhibit, affidavit, statute, or jurisprudence that establishes a certain claim is subject to each parties' ability to address same through the discovery process, which may then establish the validity of same or the validity of same may only be established by the trier of fact. Such a request that Defendant makes of this Court would change the federal and state system of pleading into code pleading system of procedure, as opposed to its underlying principle of being a notice pleading system of procedure.

Additionally, Defendant states that Plaintiff cannot prove the statements made by Defendant are false, without running afoul of Fed.R.Civ.P. 11, conversely Defendant cannot prove from the Complaint or her Motion to Dismiss that the statements are true without running afoul of Fed.R.Civ.P. 11, as Plaintiff has stated to his counsel that the statements made by Defendant are false; as, it is believed, Defendant has stated to her counsel that the statements are true, both are equally conclusory until discovery in the instant action has taken place. Moreover, what will be stated in more detail in the proceeding section as it applies to Defendant's statute of limitations agreement is all of the documentary evidence Plaintiff has that does prove Defendant's identity and does establish that the statements made in Defendant's said website are false and thus defamatory.

## II.)   ARGUMENT AS TO STATUE OF LIMITATIONS:

1.)   Defendant in her Motion to Dismiss requests that this Court dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P., Rule 12(b)(6), because it runs afoul of the Arizona's statute of limitations to Plaintiff's claim of defamation -a defense- which Plaintiff avers is the incorrect rule of procedure on which a request to dismiss his

8

Complaint should be based.  That is, Fed. R. Civ. P., Rule 12(b)(6) specifically states what claims are stated in said rule with none of them being that a complaint may be dismissed based on the defense of the statute of limitations said Rule is inapplicable to Defendant's Motion to Dismiss.  As the defense of a statute of limitations is clearly stated in Fed. R. Civ. P., Rule 8 (c); wherein, it is states:

**(c) Affirmative Defenses**.

(1) In General. In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:
- accord and satisfaction;
- arbitration and award;
- assumption of risk;
- contributory negligence;
- duress;
- estoppel;
- failure of consideration;
- fraud;
- illegality;
- injury by fellow servant;
- laches;
- license;
- payment;
- release;
- res judicata;
- statute of frauds;
- **statute of limitations**; and
- waiver

(Emphasis added)

Therefore, as Defendant has requested that Plaintiff's Complaint be dismissed pursuant to Fed. R. Civ. P., Rule 12(b)(6) and as said rule does not allow a defense to be brought by said Rule Defendant's request should be denied based on her failure to plead the request by the proper rule of procedure.

The Law Office of Joel L. Brand
11001 N. 99th Avenue, Suite 110
Peoria, Arizona 85345
602-712-0911

2.)     Or in the *alternative* if this Court does not dismiss Defendant's Motion to Dismiss

for failure to plead her request for relief by the correct rule of procedure, Plaintiff seeks

that this Court deny Defendant's Motion to Dismiss by law as her action of leaving the

state caused the statute of limitations to be tolled.  That is, Arizona Revised Statutes

(A.R.S.) §12-501 is a statute that tolls the statute of limitations when a defendant

removes themselves from the State of Arizona, as the statute states:

> When a person against whom there is a cause of action is without the state
> at the time the cause of action accrues or at any time during which the action
> might have been maintained, such action may be brought against the person
> after his return to the state. The time of such person's absence shall not be
> counted or taken as a part of the time limited by the provisions of this chapter.

Said statute application was addressed in *Peters v. M & O Const., Inc.*, 579 P.2d 72,

75, 119 Ariz. 34, 37 (Ariz. App. 1978); wherein, the court stated the following:

> We reject this contention and hold that the filing of the original
> complaint did not toll the statute of limitations.  If a complaint is dismissed
> without prejudice, the general rule is that the situation is the same as if the
> suit had never been brought, unless there is a statute to the contrary. … The
> legislature has provided conditions which do toll the statute but defective
> service is not such a condition. See ARS §§ 12-501, 12-502 and 12-507.

Applying *Peters* to the instant action, in recap, Plaintiff filed suit in Arizona

Justice Court on August 21, 2020, the matter was continued three (3) times because

Plaintiff was not able to obtain service on Defendant; and then dismissed on June 9,

2021, based on lack of service.  On October 28, 2021, Plaintiff filed the instant action in

Arizona Superior Court on October 28, 2021, which Defendant sought removal of to this

Court on December 7, 2021.  Hence, in Defendant's Pleading styled as, Notice of

Removal of Civil Action, affixed to said Pleading as Exhibit B is a, Declaration of Jennifer Vinson in Support of Notice of Removal; wherein; Defendant (Ms. Vinson) states at paragraph three (3) "[i]n March of 2021, I moved to Seattle for work. I have been a resident of Seattle since that time" singed under the penalty of perjury. Defendant incorporates and merges said Pleading into this Pleading by this reference to it.

Therefore, based on A.R.S. §12-501 Plaintiff's claim filed on August 21, 2020, dismissed after Defendant moved out of the State of Arizona was tolled when Defendant removed herself from the State of Arizona in March of 2021. Thus, Plaintiff's Complaint is not barred by Arizona's statute of limitations because of the tolling of his claim pursuant to said statute.

3.)     Or in the *alternative* if this Court does not dismiss Defendant's Motion to Dismiss for failure to plead her requested relief by the correct rule of procedure or pursuant to A.R.S. §12-501 that tolls the statute of limitations when a defendant removes themselves from the State of Arizona, then this Court should deny Defendant's Motion to Dismiss based on her republishing of her defamatory statement in four (4) different internet or social media venues, that included revisions to her original publishing, inclusive of her starting an online petition that sought that to enlist the members from said new venues when Defendant stated "Sign this petition to let news organizations, the Glendale P.D. and our justice system know we want this to stop. Let them know we are a strong, we want actual justice for actual community members and we want our streets safe".

That is, Defendant did state Arizona jurisprudence correctly when she cited the

The Law Office of Joel L. Brand
11001 N. 99th Avenue, Suite 110
Peoria, Arizona 85345
602-712-0911

11

general rule as exposed in *Larue* that states:

> Under this rule, a cause of action for defamation arises at the time the statement is first published; later circulation of the original publication does not start the statute of limitations anew, nor does it give rise to a new cause of action.

But Defendant fails to state in her Motion to Dismiss the various exceptions to this rule, as to when republication of the original statement gives rise to a second cause of action; thereby, creating a new statute of limitations, as *Larue* also stated:

> This appeal raises two issues of first impression in Arizona regarding the accrual date of a cause of action for defamation: (1) whether the single publication rule applies to defamatory statements published on the Internet, and (2) what constitutes a republication of a statement posted on the Internet.
>
> . . .
>
> Generally, republishing material in a new edition, editing and republishing it, or placing it in a new form is a separate publication giving rise to a separate cause of action.
>
> . . .
>
> A plaintiff has a new cause of action when "the defendant edits and retransmits the defamatory material, or distributes the defamatory material for a second time with the goal of reaching a new audience".
>
> (Supra, 445 & 446)

All of which Plaintiff will prove, as he has documentary evidence that establish some time in February 2021, that Defendant edited her websites the bears the URL of https://metoophoenix.com/ to add a link to it to an Instagram® account and a Twitter® account that also contains editing from the original post.   Moreover, in March of 2021,

The Law Office of Joel L. Brand
11001 N. 99th Avenue, Suite 110
Peoria, Arizona 85345
602-712-0911

Defendant changed the URL of https://metoophoenix.com/ to https://metoophoenix.org/. Then on August 25, 2021, a petition was created on a Change.org website that was then shared through a link to her 'Metoophoenix' Twitter account; wherein, the above stated quote was made in addition to several additional edits that stated more defamatory language about Plaintiff to said Change.org website, as they are false, all of which Plaintiff has documentary evidence of [1]. But, as argued above Plaintiff cannot attach all of this evidence to his Complaint, nor to this response as pursuant to Fed. R. Civ. P., Rule 12(d) or Ariz.R.Civ.P., Rule 12(d) it would make Defendant's Motion to Dismiss a Motion, a motion for summary judgment.

Therefore, it is Plaintiff's position that although in *Larue* it was stated that Arizona has a what the Court refers to as a 'single publication rule' Defendant's edits and changes of her original website to four different four (4) different internet or social media venues constitutes republication of her original statements made to her https://metoophoenix.com/ website as Plaintiff avers they are false and defamatory and thus defeats Defendant's claim that his Complaint is barred by said statute of limitations. In addition to a forty-four (44) page report from a private investigator that explains how Defendant sought to disguise her identity through the various websites or social media platforms.

**WHEREFORE**, Plaintiff, for the above stated reasons, avers that his Complaint that was filed on October 28, 2021, does state a claim on which relief should be based

---

[1] Additionally, on December 21, 2021, at 9:52 a.m. via email Plaintiff's counsel sent all of the above stated documentary evidence and additional documentary evidence to Defendant's counsel, who has yet to respond to same.

The Law Office of Joel L. Brand
11001 N. 99th Avenue, Suite 110
Peoria, Arizona 85345
602-712-0911

and is not barred by the statute of limitations, as alleged in Defendant's Motion to

Dismiss, and as such Defendant's Motion to Dismiss said should be denied, as from all of

the above stated there does exist a substantial factual basis to Plaintiff's claim that should

proceed to Defendant answering said Complaint and the discovery process, so Plaintiff

may formally produce and obtain additional evidence that Defendant's statements made

on the various stated websites or social media platforms are false and of a defamatory *per*

*se*.

**RESPECTFULLY SUBMITTED** this 27th day of December, 2021.

By: /s/ Joel L. Brand, Esq.
    Joel L. Brand, Esq.
    **THE LAW OFFICE OF JOEL L. BRAND**
    **Attorney for Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27th, 2021, a true and correct copy of the foregoing document was filed electronically with the Court.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

Stacy F. Gottlieb, Esq.
Lori V. Berke, Esq.
**BERKE LAW FIRM, PLLC**
1601 N. 7th Street, Suite 360
Phoenix, AZ 85006
**Attorneys for Defendant Jennifer Vinson**


By: /s/ Carriena J. Schulder
        Carriena J. Schulder