Stacy F. Gottlieb (AZ015084)
Lori V. Berke (AZ015628)
**BERKE LAW FIRM, PLLC**
1601 N. 7th Street, Suite 360
Phoenix, AZ 85006
Phone: (602) 254-8800
Fax: (602) 254-8808
stacey@berkelawfirm.com
lori@berkelawfirm.com
*Attorneys for Defendant Jennifer Vinson*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael F. Foy, IV, a single or married person,<br><br>Plaintiff,<br><br>vs.<br><br>Jennifer Vinson, a single or married person, and Jane Does I-X, White Partnerships I-X, and Black Corporations I-X, and Municipal Entity I-X,<br><br>Defendants. | No.:  2:21-cv-02076-MTL<br><br>**MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Plaintiff's Amended Complaint should be dismissed because his claim is time barred. Plaintiff's only claim alleges that Defendant made defamatory statements about him on a website "in mid-August 2020". The statute of limitations for defamation is one year. He filed this case well after the limitations period in October 2021.

Although Plaintiff tries to plead around the statute of limitations, his attempts fail as a matter of law. Plaintiff does not set forth any changes to the defamatory statements within the limitations period. Plaintiff instead pleads that non-substantive changes to the website, such as a technical change in the generic top-level domain, should start the statute of limitations. The law does not support Plaintiff, however, as the only changes that can restart the statute of limitations are changes to the

alleged defamatory statements or restating the defamatory statements, neither of which can be alleged here. As such, Plaintiff's claims are time-barred and should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Fed. R. Civ. P.

**Procedural Posture and Factual Allegations**

This is Plaintiff's third complaint asserting claims relating to publication on a website published years ago.  Plaintiff filed his second complaint on October 28, 2021 in Maricopa County Superior Court.  (Doc. 1-3 at ECF pp. 5-7.)  Defendant removed the case to this Court on December 8, 2021.  (Doc. 1).  Defendant filed a motion to dismiss the second complaint on December 14, 2021. (Doc. 4.)  Plaintiff filed an opposition to the motion to dismiss along with a request to amend his complaint on December 27, 2021.  (Docs. 7 & 8.)  The Court granted Plaintiff's motion to amend without prejudice to Defendant's ability to re-file her motion to dismiss, the merits of which were not addressed in the order.  (Doc. 16.) The Court Ordered Plaintiff to amend his complaint no later than January 19, 2022.  (*Id.*)

Plaintiff alleges in his Amended Complaint (Doc. 18) that Defendant created a website in August 2020, https://metoophoenix.com ("the Website"), which included defamatory statements about Plaintiff.[1]  (Doc. 18 at ¶ 5.)  Specifically, Plaintiff alleges that Defendant called him a rapist.  (Doc. 18 at ¶ 6.)

Plaintiff alleges that two nonsubstantive changes were made to the website between February 2021 and August 2021.  These two changes did not involve or change the allegedly defamatory statements.  Rather, they included only the alleged placement of a link to Instagram and Twitter (Doc. 18 at ¶ 7) and a change in the generic top-level domain from ".com" to ".org".  (Doc. 18 at ¶ 8.)

Plaintiff also alleges that Defendant created a petition on Change.org that was shared through Twitter.  (Doc. 18 at ¶ 11).  While Plaintiff alleges that the Change.org petition republished Defendant's statements against Plaintiff, he does not identify ***any*** defamatory

---

[1] The Amended Complaint (Doc. 18) is not a mirror of Plaintiff's proposed amended complaint (Doc. 8-1).

statements that were made in the Change.org petition itself nor does he allege any facts showing that the Change.org petition identified him.

Plaintiff's Amended Complaint conveniently omits, again, that on August 28, 2020, Plaintiff sued Defendant for defamation per se and made the exact same allegation as he does in this case. *See Foy v. Vinson*, Case No. CC2020-121032RC (the "First Case").[2] In particular, in the First Case, Mr. Foy alleged that Ms. Vinson:

> on an unknown date created a website to which various defamatory statements were made against him. In particular Defendant made statements about him committing a criminal act; thus, Defendant's statement was defamation per se.

**Exhibit 1** at ¶ 5. Thus, Plaintiff is suing Ms. Vinson for the same claim regarding the same statements on the same Website published more than a year ago.

## Legal Standard

To survive this motion to dismiss, the Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the Ms. Vinson is given "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint should be dismissed where it contains only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Either the "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

---

[2] Ms. Vinson respectfully requests that the Court take judicial notice of Mr. Foy's first defamation complaint, which is attached hereto as **Exhibit 1**. The Court can take judicial notice of matters of public record without converting this motion into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record'"); *U.S. v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (a court "may take notice of proceedings in other courts … if those proceedings have a direct relation to the matters at issue"). Pleadings and orders from earlier litigation "are matters of public record and hence properly the subject of judicial notice." *Fid. Nat. Fin., Inc. v. Friedman*, 855 F. Supp. 2d 948, 955 (D. Ariz. 2012), *citing Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice, as a matter of public record, of "pleadings, memoranda, expert reports, etc., from [earlier] litigation").

1   theory" are bases to dismiss the Complaint.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,

2   699 (9th Cir. 1988). A court is "not bound to accept as true a legal conclusion couched as a

3   factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).  Nor does a complaint suffice if

4   it tenders "naked assertion[s] devoid of 'further factual enhancement.'" *Id.* (citation omitted).

5   The plaintiff must allege enough facts to state a claim for relief that is plausible on its face.

6   *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (quoting *Twombly*, 550 U.S.

7   at 555).  Plaintiff's Complaint here falls woefully short of these requirements.

8                                              **Argument**

9   **I.      Plaintiff's Claims Are Time-Barred As a Matter of Law.**

10          Plaintiff's claim is time barred because he brings this suit more than one year after the

11  publication of the Website.  The statute of limitations for defamation is one (1) year. *See* A.R.S.

12  § 12-541(1).  Plaintiff admits that the Website was published "in mid-August 2020."  (Doc.

13  18 at ¶ 5).  It is furthermore beyond dispute that Plaintiff was aware of the Website's contents

14  in August 2020 because he sued Defendant based on the website on August 21, 2020.

15  Therefore, as a matter of law, Plaintiff's case is time-barred.

16          In order to avoid the statute of limitations, Plaintiff must allege some basis upon which

17  the Court could toll the statute of limitations, but nothing in the Amended Complaint gives the

18  Court such a basis. Rather, Plaintiff's action for defamation accrued from the first publication

19  of the Website, and the persistence of the Website, or its continued circulation, does not toll

20  or extend the statute of limitations.

21          In Arizona, the single publication rule applies to internet publications.  *See Larue v.*

22  *Brown*, 235 Ariz. 440, 445 (App. 2014).  Under the single publication rule:

23          A cause of action for defamation arises at the time the statement is first
            published; later circulation of the original publication does not start the statute
24          of limitations anew, nor does it give rise to a new cause of action.

25  *Id.* at 444.  Accordingly, internet publications, like the Website, are only "republished" for

26  purposes of the statute of limitations if the substance of the defamatory statements change.  *Id.*

27  at 445.  Changes that are unrelated to the defamatory or "'mere modifications to the *way*

28  information is accessed, as opposed to changes in the nature of the information itself, does not

constitute republication.'"  *Id.* at 445 (emphasis in original); *see also Petro-Lubricant Testing Labs., Inc. v. Adelman*, 233 N.J. 236, 469 (N.J. 2018) (holding that changing statement from "a violent, raging drunk" to "a 'dangerous and violent alcoholic'" did not cause a republication of the online article because they are effectively the same statement).

In this case, there are no allegations that the ***defamatory content*** of the website changed since August 2020 and, therefore, the claims are time-barred.

**A.     Twitter and Instagram Links Are Not "Republications" As a Matter of Law.**

Plaintiff alleges that Defendant edited the website in February 2021 to add links to Instagram and Twitter.  (Doc. 18 at ¶ 7).  Adding links to Twitter and Instagram, even if added in February 2021, do not constitute a republication for several reasons.

**First**, the alleged links to not change the defamatory content on the website.  Instead, they simply lead someone who is already on the Website to a Twitter or Instagram account.  In *Larue*, the Court made clear that "republication does not occur every time a defendant adds to or revises the content of the website if the changes are unrelated to the alleged defamatory material."  There is no allegation here that the links changed the defamatory statements and, therefore, the alleged additions to not give rise to a republication.

**Second**, even if the Amended Complaint plead that the links lead from Twitter or Instagram to the allegedly defamatory statements on the Website, the links would not be a republication.  Merely linking to the allegedly defamatory website is not a republication unless the link restates the defamatory contents.  For instance, in *Penrose Hill*, the court considered whether an allegedly defamatory blog post was republished when the author posted a link to the article on Twitter. *Penrose Hill, Ltd. v. Mabray*, 479 F.Supp.3d 840 (N.D. Cal. 2020).  Based on a review of opinions from several different jurisdictions, the court stated that "courts generally held that merely linking to or referring to a defamatory article does not constitute republication."  *Id.* at 851.  Furthermore, the fact that the link contained some language from the article did not render it a republication for purposes of a defamation claim because none of the language in the Twitter post was defamatory.  *Id.* at 852-53.  Here, there are no facts making it plausible that the defamatory statements were republished on Twitter.  Plaintiff's

1    conclusory statements to the contrary, without factual support, need not be accepted as true for

2    purpose of a motion to dismiss. *Balistreri*, 901 F.2d at 699.

3        **Third**, the social media accounts cannot be republications or new audiences as a matter

4    of law because the social media accounts were created in June 2020, outside the statute of

5    limitations period, and do not contain any material from the Website or otherwise mention or

6    defame Plaintiff at all. The Court can consider the Twitter and Instagram pages directly

7    because they are incorporated into the Complaint. Plaintiff's Amended Complaint is deemed

8    to include all well-pleaded factual allegations and any documents attached thereto,

9    incorporated by reference, or otherwise subject to judicial notice. *See Parrino v. FHP, Inc.*,

10   146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as recognized in

11   *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006); *Davis v. HSBC Bank*

12   *Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) ("Where a document has been incorporated

13   by reference in a complaint, a court may treat such a document as part of the complaint, and

14   thus may assume that its contents are true for purposes of a motion to dismiss under Rule

15   12(b)(6) motion."). The Court's reliance on such documents does not, by itself, convert a

16   motion to dismiss into a summary judgment motion. *Davis*, 691 F.3d at 1160 ("Under the

17   'incorporation by reference' doctrine in this Circuit, 'a court may look beyond the pleadings

18   without converting the Rule 12(b)(6) motion into one for summary judgment.'"). Furthermore,

19   although the Court, when ruling on a Rule 12(b)(6) motion, must generally accept all well-

20   pleaded allegations as true, this principle does not apply to any "conclusions of law,

21   unwarranted deductions of fact, [or] unreasonable inferences," or to any allegations

22   contradicted by documents incorporated by reference into the complaint or otherwise subject

23   to judicial notice. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

24       The Twitter and Instagram pages are thus properly considered on a motion to dismiss

25   under the doctrine of incorporation by reference. *See Parrino*, 146 F.3d at 706 ("A district

26   court ruling on a motion to dismiss may consider a document the authenticity of which is not

27   contested, and upon which the plaintiff's complaint necessarily relies."). Plaintiff's Complaint

28   relies on both pages and makes allegations about their content. (*See, e.g.*, Doc. 18 at ¶ 7

(alleging that both accounts "contain[] editing from the original post).

Even a cursory review of the accounts shows that they were created in June 2020, more than a year before this lawsuit, and cannot be the basis for Plaintiff's defamation claim.  In particular, the Twitter page, **Exhibit 2**, says "[j]oined in June 2020" and the first post on the page is dated August 3, 2020.  Likewise, the Instagram account shows that its first post was also in August 2020. **Exhibit 3**.  Further review of the accounts shows that they do not contain any statements about Plaintiff or repeat any content from the Website.  Rather, they contain general posts, and most often memes, about women's rights.

For these reasons, neither the Twitter nor Instagram account can be a republication under the law and the Amended Complaint fails to

**B.      Changing the Generic Top-Level Domain From ".com" to ".org" Is Not a Republication As a Matter of Law.**

Plaintiff alleges that in March 2021 Defendant changed the generic top-level domain for the website from .com to .org.  (Doc. 18 at ¶¶ 8 & 11).  This is not a republication of the site.  The Court in *Larue* held that the first publication rule would apply even if the way the information was accessed changed as long as the information itself did not change.  *Larue*, 235 Ariz. at 445.  Accordingly, changing the URL from ".com" to ".org" would not change the substance of the website and would not be a republication as a matter of law.

**C.      The Change.org Petition Is Not a Republication as a Matter of Law.**

Plaintiff alleges that in August 2021 additional defamatory statements were made against him in the Change.org petition that was shared through the Twitter account.  (Doc. 18 at ¶¶ 8 & 11).  The Change.org petition, however, cannot be a republication of the alleged defamatory statements for at least two reasons.[3]

**First**, the Change.org petition is not a republication of the Website because it does not make reference to the Website or include content from the Website.  *See* **Exhibit 4**.  Even if

---

[3] Here, too, the Court can consider the Change.org petition without converting this motion into a motion for summary judgment because the petition is incorporated by reference into the Amended Complaint.  *See Parrino* and *Davis, supra*.  Plaintiff makes allegations that rely on the petition and about the contents of the petition.  (Doc. 18 at ¶¶ 8 &11.)

the Change.org petition did link to the Website, it still would not be a republication.  As discussed above, merely linking to alleged defamatory statements, without repeating them, is not a republication.  *See Penrose Hill, Ltd. v. Mabray*, 479 F.Supp.3d 840, 851 (N.D. Cal. 2020) ("courts generally held that merely linking to or referring to a defamatory article does not constitute republication").

> **Second**, the Change.org Petition itself cannot be defamatory because it does not identify Plaintiff.  The Change.org Petition states:

> > Women of the Valley are being exposed to a serial rapist.  He works in The Banner Health system.  The city of Glendale PD have three separate rape allegations filed by three separate women and have NOT even brought this man in for questioning!!

**Exhibit 4**.  To be actionable, allegedly defamatory statements must concern Plaintiff, which means the recipient of the statement would reasonably understand it refers to Plaintiff.  *See* Restatement Second of Torts § 564 (Oct. 2021).  In other words, Plaintiff must allege facts upon which one could conclude that someone reading the Change.org petition would know that the statement was about Plaintiff specifically.  There are no such allegations here.

> Rather, the Change.org petition refers to a large group of unidentified individuals – men who work in the Banner Health System—Arizona's largest private employer.[4]    Courts

---

[4] Defendant respectfully requests that this Court take judicial notice of the approximate number of employees and facilities at Banner Health – Arizona's largest private employer.  Under Fed. R. Civ. P. 201, this Court may take judicial notice of facts generally known in this jurisdiction and which would be capable of sufficiently accurate and ready determination. *See, e.g., Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458–59 (9th Cir. 1995) (upholding trial court's judicial notice of layoffs at Hughes because it was "a fact which would be generally known in Southern California and which would be capable of sufficiently accurate and ready determination.").  The Banner Health System holds itself out as the largest private employer in Arizona with more than 50,000 employees in the state, the third largest employer in the Northern Colorado front range area, and as having 30 acute-care hospitals and a number of other health care entities throughout these regions.  *See* https://www.bannerhealth.com/about/glance#:~:text=With%20more%20than%2050%2C000%20employees%2C%20Banner%20Health%20is,and%20home%20care.%20Our%20research%20is%20internationally%20recognized. (last accessed on Feb. 1, 2022) ("With more than 50,000 employees, Banner Health is the largest private employer in Arizona and third largest employer in the Northern Colorado front range area"; As "One of the largest nonprofit hospital systems in the country" Banner Health has "30 acute-care hospitals and a number of other

-8-

1  routinely dismiss cases under similar circumstances.  For instance, in *Hosszu v. Barrett*, this

2  Court considered whether a swimmer could bring defamation claims against a sportswriter.

3  202 F.Supp.3d 1101 (D. Ariz. 2016).  The defendant in *Hosszu* wrote a series of articles about

4  the use of performance-enhancing drugs in the sport of swimming.  *Id.* at 1103.  One of the

5  articles was about the swim industry in general – the article never mentioned plaintiff and

6  instead referred to the "swimming community as a whole."  *Id.* at 1108-09.  The Court found

7  that the references to the community as a whole could not be considered references to the

8  plaintiff because the referenced group of people was too large and dismissed the claims.  *Id*.

9  at 1109.  Similarly here, the statement refers to thousands of people and there is no information

10  from which one could reasonably identify Plaintiff out of the thousands.  Therefore, the

11  statements cannot support a defamation claim upon which relief can be granted under Rule

12  12(b)(6), Fed. R. Civ. P.

13  **II.      The Statute of Limitations Was Not Tolled By Defendant's Residence.**

14        Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted because

15  Plaintiff has not established that the statute of limitations has been tolled.  Plaintiff has previously

16  argued that the statute of limitations should be tolled because Defendant resides in Seattle,

17  Washington. *See, e.g.,* Doc. 7 at p. 11.  Plaintiff's argument relies on A.R.S. §12-501, but his

18  application of the statute to this case is incorrect.  It is well-settled that A.R.S. §12-501 tolls

19  the statute of limitations only when "service of process in ***any of the methods authorized*** by

20  rule or statute cannot be made upon the defendant to secure personal jurisdiction by the trial

21  court."  *Selby v. Karman*, 521 P.2d 609, 611 (Ariz. 1974) (emphasis added).  The fact that

22  Defendant resides in another state does not alone toll the statute of limitations.  (Doc. 18 at ¶

23  1.)  For instance, in *Olariu v. Gibbons et al.*, the Arizona Court of Appeals found that A.R.S.

24  §12-501 did not toll the statute of limitations even though the defendant was never a resident

25  of Arizona.  Case No. 1CA-CV-14-0559, 2015 WL 4023320 at *2 (Ariz. Ct. App. June 30,

26

27  health care entities").  The size of Banner Health's employee population in Arizona, as well

28  as approximate number of facilities, thus meets the criteria for taking judicial notice of those
    facts.

1    2015).   The defendant in *Gibbons* was subject to personal jurisdiction in Arizona under

2    Arizona's long-arm statute and, therefore, amenable to service of process and the statute of

3    limitations was not tolled.  *Id.*; *see also Tanne v. Walraven*, Case No. 1 CA-CV-07-0527, 2009

4    WL 251140 at *2 (Ariz. Ct. App. Feb. 3, 2009) (refusing to toll the statute of limitations even

5    though defendant lived in Canada and had to be served by certified mail).   Similarly, here,

6    Defendant was always subject to service of process and was in fact served in Arizona at a

7    property she owns in the state and owned for the entire limitations period, and Plaintiff has not

8    pled any facts showing that his failure to serve her previously—whether in Arizona,

9    Washington or by publication—was based on lack of personal jurisdiction.   Accordingly, the

10   Amended Complaint must be dismissed because it is time-barred.

11   **III.     The Court Should Dismiss Plaintiff's Amended Complaint With Prejudice.**

12          The Amended Complaint is effectively Plaintiff's third pleading – he filed his original

13   complaint in August 2020, filed a second complaint in October 2021 and now the Amended

14   Complaint in January 2022.  A fourth complaint would be futile in light of the issues referenced

15   above because Plaintiff cannot cure the Amended Complaint's fatal legal defects.[5]

16          Although Courts "should freely give leave [to amend] when justice requires[,]" they do

17   not need to grant leave to amend when an amendment would be futile.  *See Gordon v. City of*

18   *Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (holding that futility of amendment is sufficient

19   to justify denial of a motion for leave to amend); *AmerisourceBergen Corp. v. Dialysist W.,*

20   *Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to amend where

21   the amendment…is futile").   Yet another amendment here would be futile because Plaintiff's

22   claims are time-barred and no allegation of other facts will change this conclusion.   *Thinket*

23   *Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)

24   (holding that leave to amend need not be grated when claims were time-barred).   Indeed,

25   despite multiple pleadings, the purportedly defamatory conduct upon which his claims have

26   consistently been based occurred well over a year before this lawsuit.

27

28
     [5] Prior to filing this Motion to Dismiss, undersigned counsel notified Plaintiff's counsel of the
     issues asserted in the Motion. As of this filing, there has been no communication indicating
     that the parties are able to agree that the pleading was curable by a permissible amendment.

1    The Court can also refuse to allow another amendment because Plaintiff failed to cure
2    the deficiencies in his previous amendments.  *Abagninin v. AMVAC Chem. Corp.*, 545 F3d
3    733, 742 (9th Cir. 2008) ("Leave to amend may also be denied for repeated failure to cure
4    deficiencies by previous amendment").  Plaintiff's Amended Complaint was made with
5    knowledge of the statute of limitations challenges discussed herein.  Defendant moved to
6    dismiss Plaintiff's original complaint, based on the same statute of limitations arguments, on
7    December 14, 2021.  Plaintiff filed his Amended Complaint over a month later.  Where, as
8    here, Plaintiff has notice of the deficiencies in his pleading and fails to correct them in an
9    amendment, the Court should not grant leave to amend the complaint yet another time.

<u>Conclusion</u>

Since Plaintiff has not plead any actionable defamation with the statute of limitations,
his complaint must be dismissed for failure to state a claim upon which relief can be granted
under Rule 12(b)(6), Fed. R. Civ. P.

Dated this <u>2nd</u> day of February, 2022.

**BERKE LAW FIRM, PLLC**


By: */s/ Stacey F. Gottlieb*
    Stacey F. Gottlieb
    Lori V. Berke
    1601 N. 7th Street, Suite 360
    Phoenix, AZ 85006
    *Attorneys for Defendant Jennifer Vinson*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2022, a true and correct copy of the foregoing was
filed electronically with the Court.  Notice of this filing will be sent by operation of the Court's
electronic filing system to all parties indicated on the electronic filing receipt, including:

Joel L. Brand
THE LAW OFFICE OF JOEL L. BRAND
11001 N. 99th Avenue, Suite 110
Peoria, AZ 85345
*Attorneys for Plaintiff Michael F. Foy, IV*

By */s/Laine M. Roberts*