**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael F Foy, IV, | No. CV-21-02076-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Jennifer Vinson, et al., | |
| Defendants. | |

**I.**

Plaintiff Michael Foy filed the instant action against Defendant Jennifer Vinson on October 28, 2021, in Arizona Superior Court,[1] alleging a single count of defamation. On December 8, 2021, Defendant removed the action to this Court. (*See* Doc. 1.) Shortly thereafter, Defendant moved to dismiss Plaintiff's initial complaint for failure to state a claim. (*See* Doc. 4.) Upon Plaintiff's request, the Court granted him leave to amend and denied Defendant's motion to dismiss without prejudice. (Doc. 16.) Plaintiff then filed the operative complaint. (Doc. 18.) Defendant again moves to dismiss the complaint in its entirety. (Doc. 19.)

**II.**

In her motion, Defendant gives several reasons why the Court should dismiss Plaintiff's defamation claim. First, the claim is barred by Arizona's one-year statute of limitations for defamation. Plaintiff's complaint alleges that Defendant defamed him in

---

[1] Plaintiff had previously filed another action against Defendant, in McDowell Mountain Justice Court, in August 2020. That action was dismissed for failure to serve.

August 2020, and that Plaintiff discovered the alleged defamation that same month, yet Plaintiff did not file the instant action until October 2021. Second, Plaintiff fails to adequately allege that Defendant republished the allegedly defamatory remarks. Third, the complaint contains no plausible allegations suggesting the limitations period was, or should have been, tolled. Fourth, the exhibits to Defendant's motion to dismiss—Plaintiff's complaint from the August 2020 action, images of the "Me Too Phoenix" Twitter and Instagram pages, and an image of a Change.org petition allegedly circulated by Defendant—may be considered by the Court without converting Defendant's motion to dismiss into a motion for summary judgment because (1) the Court can take judicial notice of Plaintiff's August 2020 complaint because it is a matter of public record, and (2) the images of the Twitter, Instagram, and Change.org pages may be considered because the contents of those pages were incorporated by reference into Plaintiff's complaint.

Plaintiff advances several arguments in resisting Defendant's motion. First, Plaintiff appears to take issue with Defendant's citation to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and contends that only "notice pleading" is required to survive a motion to dismiss under Rule 12(b)(6). For support, Plaintiff cites several Arizona Court of Appeals decisions. *E.g.*, *Dube v. Likins*, 216 Ariz. 406, 412 (App. 2007) ("[B]ecause Arizona is a notice pleading state, a complaint need only have 'a statement of the ground upon which the court's jurisdiction depends, a statement of the claim showing that the pleader is entitled to relief[,] and a demand for judgment.'"). Plaintiff is, of course, mistaken. Federal procedural law, including federal pleading standards, governs in federal court, even where a district court exercises jurisdiction solely on the basis of diversity of citizenship. *See Hanna v. Plumer*, 380 U.S. 460 (1965). Thus, Arizona's pleading standards and Arizona case law elucidating those standards are irrelevant. *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 622 (2009), supply the appropriate standard by which to judge the adequacy of Plaintiff's complaint. Under those cases, "a complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Second, Plaintiff argues a statute of limitations argument cannot be raised in a Rule 12(b)(6) motion. Plaintiff is again mistaken. A time-barred claim may be dismissed under 12(b)(6) where, as here, the claim's untimeliness is evident on the face of the complaint. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

On the merits, Plaintiff contends that Defendant did republish her defamatory statements, because she "edit[ed] and retransmit[ted] the defamatory material," and "plac[ed] it in a new form." *See Larue v. Brown*, 235 Ariz. 440, 445 (App. 2014). Specifically, Plaintiff contends that by creating and circulating a Change.org petition in August 2021, Defendant republished her defamatory statements and, as a result, this action is timely.[2] The complaint, however, fails to allege that Defendant altered or amended the substance of her allegedly defamatory statements in circulating the petition. And, in Arizona, internet publications are only "republished" for purposes of the statute of limitations if the substance of the defamatory statements change.[3] *See Larue*, 235 Ariz. at 445 ("Mere modifications to the way information is accessed, as opposed to changes in the nature of the information itself, does not constitute republication." (cleaned up)). Nor does the complaint allege a plausible basis for

---

[2] Plaintiff also argues that Defendant republished by (1) changing the top-level domain of the website on which she defamed him from metoophoenix.com to metoophoenix.org, and (2) posting links to Twitter and Instagram pages on the website. These claims are without merit. First, Plaintiff's complaint does not assert that the linked social media pages either mention or allude to him. Second, allegations that the social media pages were linked on metoophoenix.org, and that Defendant changed the website's top-level domain, even if accepted as true, do not demonstrate republication. *See Larue*, 235 Ariz. at 445 ("Because websites are subject to updates or modifications at any time that can be completely unrelated to their substantive content, the question of republication in the context of Internet publication focuses on whether the update or modification affects the substance of the allegedly defamatory material.").

[3] Plaintiff correctly asserts that while the Change.org petition does not expressly refer to him by name, he need only be identifiable to have an actionable defamation claim. *See Rogers v. Mroz*, 252 Ariz. 335, 502 P.3d 986, 990 ¶ 13 (2022). However, that does not cure the complaint's other deficiencies.

- 3 -

believing Defendant circulated the petition. (Indeed, the complaint says almost nothing at all regarding the Change.org petition.)

Plaintiff next contends the statute of limitations was tolled under A.R.S. § 12-501 because Defendant moved out of Arizona. Plaintiff is again mistaken. Arizona courts have long held that § 12-501 does not apply to a defendant who is subject to Arizona's long-arm statute and amenable to service of process. *See Selby v. Karman*, 110 Ariz. 522, 523 (1974) ("[T]he terms 'without the state' and 'absence' as used in [§ 12-501] mean out of the state in the sense that service of process in any of the methods authorized by rule or statute cannot be made upon the defendant to secure personal jurisdiction by the trial court."); *Pina v. Watson*, 115 Ariz. 227, 229 (1977) ("[I]n order to toll the statute of limitations, a plaintiff at a minimum must be able to show whole days when the defendant could not be served with process."). Here, Defendant—who owns property in Arizona and was in fact served in this case—was clearly subject to Arizona's long-arm statute and amenable to service of process throughout the limitations period. Thus, § 12-501 is inapplicable and no tolling is warranted.

Finally, Plaintiff contends that Defendant's motion should be converted into a motion for summary judgment, and discovery should be permitted, because Defendant attaches exhibits to her motion and references factual material outside the complaint. Plaintiff fails, however, to respond to Defendant's contention that the doctrines of incorporation by reference and judicial notice permit the Court to consider the exhibits.[4] Accordingly, Plaintiff waives his argument in opposition. *See* LRCiv 7.2(i); *E.E.O.C. v. Eagle Produce, L.L.C.*, No. 06-cv-01921-PHX-NVW, 2008 WL 2796407, at *2 (D. Ariz. July 18, 2008) ("Parties must come forward with their points and authorities in support of or in opposition to a motion.").

### III.

Before briefing on Defendant's motion to dismiss concluded, Plaintiff moved to

---

[4] *See Davis v. HSBC Bank Nevada*, 691 F.3d 1152, 1160 (9th Cir. 2012) (discussing incorporation by reference); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (discussing judicial notice).

amend his complaint a second time. Plaintiff seeks leave to join a second defendant, Jennifer Strickland, on the basis that she allegedly made defamatory statements about Plaintiff on her Facebook page on March 19, 2021. Plaintiff, however, did not move to amend until on March 21, 2022, more than a year after the allegedly defamatory statement was published. (*See* Doc. 27.) Thus, Plaintiff's claim against Strickland is, like his claim against Defendant, untimely.

## IV.

Plaintiff's complaint suffers from several critical defects, most notably its complete absence of detail. The complaint contains only six paragraphs of factual allegations, consisting of just over a single page in length. These conclusory allegations fall well short of the standard required under the Federal Rules to state a plausible claim for relief. *See Twombly*, 550 U.S. at 555.

The Court has already granted Plaintiff leave to amend once. Yet, despite his knowledge of Defendant's arguments, including her statute of limitations argument, Plaintiff failed to cure the defects in his complaint. The Court may dismiss a complaint with prejudice on such occasions. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).

Additional amendment would also be futile. Plaintiff has failed to identify any additional facts he could plead to cure the deficiencies in his complaint. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010). And none are evident to the Court. Equitable tolling does not apply in this case (as Plaintiff's counsel conceded at oral argument). *See Porter v. Spader*, 225 Ariz. 424, 428 (App. 2010). Nor does the discovery rule. *See No Worries Rooter, LLC v. Marlin Mech. Corp., Inc.*, No. 1 CA-CV 21-0029, 2022 WL 776442, at *2 (Ariz. Ct. App. Mar. 15, 2022) ("[I]n general, Arizona courts have not applied the discovery rule in defamation cases."). Thus, additional amendment would not change that Plaintiff's claims are time-barred. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

V.

Accordingly,

**IT IS ORDERED granting** Defendant's Motion to Dismiss (Doc. 19) with prejudice.

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Leave to Amend (Doc. 27).

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment for Defendant and to close the case.

Dated this 6th day of May, 2022.

Michael T. Liburdi
United States District Judge